# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MALTA TEXO DE MEXICO, S.A. DE C.V.,
    Plaintiff,

v.

COOPERATIVE BUSINESS INTERNATIONAL, INC.,
    Defendant.

Case No.: 2:09-cv-55
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (FRCP 12(b)(2)) (Doc. # 17) and Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. # 20). For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

Defendant, in it's motion, argued that the Court has no basis for personal jurisdiction over Defendant based upon Ohio's alter ego doctrine, which allows a party to bring a claim against a parent company when wronged by a subsidiary only if certain circumstances are met. *See Estate of Thompson v. Toyota Motor Company Worldwide,* 545 F.3d 357 (6th Cir. 2008); *Crichlow v. Warner MusicGroup Corp.* 290 F. Supp.2d 34 (D.C. Cir. 2008). This doctrine can be used to impute personal jurisdiction over a defendant "that *would not ordinarily be subject to personal jurisdiction in that court* when the individual or corporation is an alter ego . . . of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir.2002) (emphasis added). Plaintiff argued that this doctrine is inapplicable to the instant action because Defendant resides in the state of Ohio.

Plaintiff's argument is well taken.

The court may consider the alter ego doctrine for purposes of personal jurisdiction when a defendant before the court resides outside the state. That is not the case here. Defendant's residence in Ohio is the Court's basis for personal jurisdiction and it is in no way derived from a subsidiary. The alter ego doctrine, therefore, does not apply.

As Plaintiff accurately notes, it is a well founded and uncontroverted principle of law that courts in a state always have jurisdiction over the residents of that state. "Domicile in the state is alone sufficient to bring [a] . . . defendant within the reach of the state's jurisdiction[.]" *Milliken v. Meyer*, 311 U.S. 457, 362 (1940); *see also Burnham v. Superior Court of California, County of Marin,* 495 U.S. 604 (1990); *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065 (9th Cir. 2004). Defendant, as it conceded in it's answer, is a citizen of Ohio. (Doc. # 8). Therefore, the Court has personal jurisdiction over Defendant.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (FRCP 12(b)(2)) (Doc. # 17).

**IT IS SO ORDERED**.

                                            **/s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**